UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES C. CARTER, Jr.,

       Petitioner,                         Civil No. 4:07-CV-10551
                                         HONORABLE PAUL V. GADOLA
v.                                   UNITED STATES DISTRICT JUDGE

CARMEN PALMER,

       Respondent,

_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

       James C. Carter, Jr., ("Petitioner"), presently confined at the Riverside Correctional

Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §

2254.  In his *pro se* application, Petitioner challenges his convictions for several counts of first-

degree criminal sexual conduct, M.C.L.A. 750.520b(1)(A); second-degree criminal sexual

conduct, M.C.L.A. 750.520c(1)(A); and third-degree criminal sexual conduct, M.C.L.A.

750.520d(1)(A).  For the reasons stated below, Petitioner's application for writ of habeas corpus

is summarily denied.

## I.  Background

       Petitioner was convicted of the above offenses following a jury trial in the Wayne County

Circuit Court. [1]

---

     [1]   Due to the brevity of the habeas petition, this Court is willing to incorporate the facts and arguments
raised in Petitioner's state appellate court brief that Petitioner attached to his habeas petition as being part of
Petitioner's application for writ of habeas corpus. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n. 2 (E.D. Mich.
2004).

Petitioner was convicted of sexually assaulting his two step-daughters on numerous occasions. Mary Wilson testified that Petitioner forced her to engage in anal intercourse with her several times beginning when she was twelve years old. Mary Wilson testified that Petitioner also attempted to engage in vaginal intercourse with her, but stopped when she told him that it hurt. Petitioner's other stepdaughter, Tierra Wilson, testified that Petitioner forced her to engage in anal intercourse with her several times when she was nine or ten years old.

Ciera Jenkins, the Wilsons' cousin, testified that Tierra told her and her mother about being sexually assaulted by petitioner. Quiana Jenkins, Ciera's sister, testified that Mary and Tierra both told her about the sexual assaults. Quiana informed her mother, Sandra Brown, who in turn, informed the victims' mother, Toya Carter. Toya Carter took the victims to Children's Hospital for a medical examination. Sandra Brown likewise testified that the victims had made sexual allegations against Petitioner in December, 2002 and again in January, 2004.

Dr. Lisa Brown testified that she examined the victims at Children's Hospital on January 5, 2004, however, the findings were normal and nothing remarkable was noted. Dr. Brown noted that the hymen was intact in both girls.

Toya Carter, the victims' mother, testified as a defense witness and offered her support for Petitioner. However, Toya acknowledged that there had been prior sexual assault allegations made by her daughters in 2002 and that as a result of those claims she took them to Children's Hospital for an examination. When her daughters made allegations against Petitioner in 2004, Carter again took the daughters to the hospital for another examination.

Petitioner's conviction was affirmed on appeal. *People v. Carter,* Nos. 261412; 261413 (Mich. Ct. App. Sept. 19, 2006); *lv. den.* 725 N.W. 2d 338 (2006).

2

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I.  Defendant's conviction must be reversed because the prosecution failed to present sufficient evidence to satisfy the due process standard of guilt beyond a reasonable doubt.

II.  Defendant was denied his right to effective assistance of counsel by his attorney's failure to object to repeated hearsay testimony. U.S. Const. Am. VI, XIV, Mich. Const. Art. 1, Sec. 17.

## II.  Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

3

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970).

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that Petitioner's claims are meritless such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005); *U.S. ex. rel. DeCreti v. Wilson,* 967 F. Supp. 303, 305 (N.D. Ill. 1997)(summarily dismissing sufficiency of evidence claim pursuant to Rule 4, where it plainly appeared from the petition and the exhibits that petitioner was not entitled to relief on that claim); *Mathews v. United States,* 11 F. 3d 583, 585 (6th Cir. 1993)(affirming the summary dismissal of an ineffective assistance of counsel claim raised in a § 2255 motion to vacate sentence pursuant to Rule 4, where there was no merit to the claim); *Love v. Butler,* 952 F. 2d 10, 13-15 (1st Cir. 1991)(affirming Rule 4 dismissal of state prisoner's § 2254 habeas petition where the ineffective assistance of counsel claims were without merit).

4

### III.  Discussion

**A.  Claim # 1.  The sufficiency of evidence claim.**

Petitioner first claims that the evidence was insufficient to convict him of the various sexual assaults because there was no scientific, medical, or physical evidence to corroborate the victims' testimony that they had been sexually assaulted by Petitioner.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002).  The scope of review in a federal habeas proceeding as to the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock,* 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002).  Finally, a habeas court may not substitute its own judgment for that of the finder of fact. *See Alder v. Burt,* 240 F. Supp. 2d 651, 661 (E.D. Mich. 2003).

A court that reviews a sufficiency of evidence claim does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the finder of fact. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).  "[D]etermination of the credibility of a witness is within the sole province of the finder of fact and is not subject to review." *Alder,*

240 F. Supp. 2d at 661. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*

Petitioner does not contest that the victims' testimony, if believed, would make out the elements of the crimes upon which his conviction rests. Instead, Petitioner contends that the evidence was insufficient to convict him because the victims' sexual abuse allegations were uncorroborated. The fact that the victims' testimony was uncorroborated does not render the evidence in this case insufficient. The testimony of a sexual assault victim alone is sufficient to support a criminal defendant's conviction. *See United States v. Howard,* 218 F. 3d 556, 565 (6th Cir. 2000)(*citing Gilbert v. Parke,* 763 F. 2d 821, 826 (6th Cir. 1985)); *See also Loeblein v. Dormire,* 229 F. 3d 724, 726-27 (8th Cir. 2000)(holding that any possible state law requirement of corroboration of a sexual assault victim's testimony does not implicate a constitutional right cognizable on habeas review). Likewise, the fact that the medical evidence did not support a finding of sexual assault does not mean that the victims' testimony that Petitioner had sexually assaulted them on a number of occasions had to be disregarded as impossible so as to defeat the sufficiency of the evidence in this case. *See United States v. Pike,* 36 F. 3d 1011, 1012-13 (10th Cir. 1994); *Peters v. Whitley,* 942 F. 2d 937, 941-42 (5th Cir. 1991). Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2. The ineffective assistance of counsel claim.**

Petitioner next contends that he was deprived of the effective assistance of counsel because his trial attorney failed to object to the various instances in which Ciera and Quiana Jenkins, Sandra Brown, and Toya Carter testified about the victims' out-of-court statements to them concerning the sexual assaults, claiming that such testimony was inadmissible hearsay.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner's ineffective assistance of counsel claim fails for two reasons. First, Petitioner has not demonstrated that the victims' out-of-court statements to the witnesses about their sexual abuse was not admissible pursuant to M.R.E. 801(d)(1)(B) as a prior consistent statement to rebut an express or implied charge against the victims of recent fabrication or improper influence or motive. As such, Petitioner has not demonstrated that counsel was ineffective for failing to object to the witnesses' testimony concerning the victims' disclosure of Petitioner's sexual abuse to them. *See Flood v. Phillips,* 90 Fed. Appx. 108, 118-19 (6th Cir. 2004).

Second, Petitioner was not prejudiced by counsel's failure to object to the victims' out-of-court statements to the witnesses about the sexual abuse allegations in light of the fact that

7

the victims testified in court about these sexual abuse allegations. *See Adams v. Smith,* 280 F.

Supp. 2d 704, 721 (E.D. Mich. 2003); *See also Chestnut v. McDonough,* 199 Fed. Appx. 853.

854-55 (11th Cir. 2006);*reh. den.* __ F.3d__, 2006 WL 3802716 (11th Cir. Dec 04, 2006).

Petitioner is not entitled to habeas relief on his second claim.

### C.  A Certificate of Appealability.

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this Court,

the Court must determine if petitioner is entitled to a Certificate of Appealability (COA). 28

U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b).  The Court must either issue a certificate of

appealability indicating which issues satisfy the required showing or provide reasons why such

a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b).  A COA may be

issued "only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner

demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were

'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484

(2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

In applying the above standard, a district court may not conduct a full merits review, but

must limit its examination to a threshold inquiry into the underlying merit of the petitioner's

claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003).  "When a habeas applicant seeks

permission to initiate appellate review of the dismissal of his petition," a federal court should

"limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 323.

After conducting the required inquiry, and for the reasons stated in the order above, the

Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right with respect to any of the claims presented. *See* 28 U.S.C. § 2253(c)(2). Petitioner should not receive any encouragement to proceed further. *Slack*, 529 U.S. at 484. Because the Court can discern no good faith basis for an appeal, *see Miller-El*, 537 U.S. at 338, any appeal would be frivolous. The Court will therefore deny a certificate of appealability. *See Long v. Stovall*, 450 F. Supp. 2d 746, 755 (E.D. Mich. 2006). The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus [docket entry 1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

**SO ORDERED**.

Dated:   February 13, 2007                          s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   February 13, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

_____ , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                     James Carter                          .

                                                    s/Ruth A. Brissaud
                                                    Ruth A. Brissaud, Case Manager
                                                    (810) 341-7845